IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS JAMES ZAJAC, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | **ORDER** <br><br> Case No. 2:12-cv-355 CW <br><br> *Related Case No*. 2:06-cr-00811 CW <br><br> Judge Clark Waddoups |

This matter is before the court on a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody filed by petitioner Thomas James Zajac. Mr. Zajac asserts he was denied a fair trial based on multiple grounds and requests the court hold an evidentiary hearing pursuant to 28 U.S.C. § 2255(b) to decide the issues raised. The court concludes Mr. Zajac has presented sufficient evidence to warrant an evidentiary hearing. The following provides guidance to the respective parties about how the court intends to proceed at the hearing.

## I. GROUND ONE - PROSECUTORIAL MISCONDUCT

### A. Instance One - Salt Lake City Library Video, Withheld Evidence

The government produced video from 18 surveillance cameras, although a witness testified that 31 surveillance cameras were operational on the date of the event. The government should be prepared to present evidence on this issue at the hearing regarding what cameras were operational and what video coverage was produced. Additionally, evidence should be presented about what surveillance was available for the 3rd floor of the library and whether such surveillance was produced. Finally, the government should be prepared to address specifically the footage of the initial suspect

in the green polo shirt and khaki pants regarding when he was at the library and where.

### B. Instance Two - Salt Lake City Fingerprint Evidence - Court Order/Testimony Violation

Mr. Zajac asserts the government made improper closing argument about Mr. Zajac's fingerprint contrary to a court order. The court's order and the trial transcript speak for themselves. Accordingly, no additional evidence is necessary on this issue. The parties will be allowed to present oral argument on this issue at the hearing.

### C. Instance Three - SLC Fingerprint, Falsification of Recovery Surface

Mr. Zajac asserts the government made improper closing argument that Mr. Zajac's fingerprint appeared on the bomb. The trial transcript speaks for itself. Accordingly, no additional evidence is necessary on this issue. The parties will be allowed to present oral argument on this issue at the hearing.

### D. Instance Four - SLC Fingerprint, Planted Evidence

*i.  Segment One - Tampering or Destruction of Evidence*

Mr. Zajac asserts the government mishandled evidence, which compromised the integrity of available fingerprint and DNA evidence. To a large extent, the trial testimony will speak for itself. If the parties have any additional evidence on this point, however, they may present it at the hearing.[1]

*ii.  Segment Two - Planted Evidence*

Mr. Zajac asserts the government planted evidence that contained his fingerprint. Mem. in

---

[1] For some of the stated issues, the government contends that Mr. Zajac has attempted to present evidence that was not presented at trial. The court notes that part of Mr. Zajac's allegations are that his counsel failed to present evidence it otherwise should have, which denied him effective assistance of counsel. Thus, the court will consider such evidence when determining whether Mr. Zajac is entitled to a new trial.

Supp. of 2255 Mot., at 28 (Dkt. No. 2). He argues that the "Chain of Custody records clearly demonstrate that the exhibit containing the fingerprint was not recovered from the crime scene." *Id.* In response to this allegation, the government provided four photographs that show the relevant cardstock was included in Exhibit #25. The government failed to lay foundation, however, for those photographs. On that basis, the court will allow Mr. Zajac to proceed on this issue. If the photographs were produced prior to trial, however, the government will be permitted to lay foundation for them. Mr. Zajac will be allowed to present any contrary evidence.

E. **Instance Five - Presence at Crime Scene, Falsification of Witness Testimony**

This issue addresses whether "identification-oriented testimony from two media witnesses and [Mr. Zajac's] ex-wife and his daughter" was falsified or mischaracterized by the government during closing argument. Mem. in Supp. of 2255 Mot., at 26. The trial transcript speaks for itself. Accordingly, no additional evidence is necessary on this issue. The parties will be allowed to present oral argument on this issue at the hearing.

F. **Instance Six - ID Procedure Violation, Government ID without Defense**

Mr. Zajac contends the government engaged in improper identification procedures when it asked his ex-wife and daughter to identify a suspect captured on video surveillance and Mr. Zajac's counsel was not present. In *Gilbert v. California*, 388 U.S. 263 (1967) and *United States v. Wade*, 388 U.S. 218 (1967), the United States Supreme Court held that "placing of a suspect in a [post-indictment] police line-up for identification purposes was deemed to be a 'critical stage'" that entitled a defendant to have counsel present. *Wood v. State*, 7 A.3d 1115, 1121 (Md. Ct. Spec. App. 2010). This holding was later limited by *United States v. Ash*, 413 U.S. 300, 321 (1973), wherein the Court held "that the Sixth Amendment does not grant the right to counsel at photographic displays

conducted by the government for the purpose of allowing a witness to attempt an identification of the offender." Accordingly, it was permissible for the government to interview Sharon and Allison Zajac for the purpose of a photo identification and Mr. Zajac may not proceed on this ground as a matter of law.

### G. Instance Seven - Clothing as Identification Feature, Falsification of Witness Testimony

Mr. Zajac asserts the government made improper closing argument regarding identification of Mr. Zajac's clothing. The trial transcript speaks for itself. Accordingly, no additional evidence is necessary on this issue. The parties will be allowed to present oral argument on this issue at the hearing.

### H. Instance Eight - Briefcase, Dumped Evidence

This issue pertains to the handling of briefcases found at Mr. Zajac's residence. Mr. Zajac has cited evidence about how the briefcases were handled. If the government has evidence contrary to the evidence and trial testimony relied upon by Mr. Zajac, it may present it at the hearing, and Mr. Zajac will have the opportunity to rebut that evidence. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony will speak for itself.

### I. Instance Nine - Expert Testimony as Linguist, Masquerade as Expert, and Order Violation

Mr. Zajac asserts the government made improper closing argument when it compared the language from separate threat letters. The trial transcript speaks for itself. Accordingly, no additional evidence is necessary on this issue. The parties will be allowed to present oral argument on this issue at the hearing.

### J. Instance Ten - Threat Letter Envelopes, Evidence Dumping and Falsification

Mr. Zajac asserts a threat letter envelope was improperly handled at his apartment. Mr. Zajac has cited evidence and testimony on this issue. If the government has evidence contrary to the evidence and trial testimony relied upon Mr. Zajac, it may present it at the hearing, and Mr. Zajac will have the opportunity to rebut that evidence. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony will speak for itself.

### K. Instance Eleven - Label Printer, Withheld Exculpatory Evidence

This issues pertains to evidence derived from Mr. Zajac's Dymo brand label printer and the government's representations at trial about the printer. Mr. Zajac has cited evidence and testimony about this issue. If the government has evidence contrary to the evidence and trial testimony relied upon Mr. Zajac, it may present it at the hearing, and Mr. Zajac will have the opportunity to rebut that evidence. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony will speak for itself.

### L. Instance Twelve - Apartment Gunpowder, Falsification of Expert ID of Brand – Falsification of Recovery Location

Mr. Zajac asserts the government mischaracterized expert testimony during closing argument about gunpowder evidence. The trial transcript speaks for itself. Accordingly, no additional evidence is necessary on this issue. The parties will be allowed to present oral argument on this issue at the hearing.

### M. Instance Thirteen - Apartment Ammunition, Destruction of Evidence and Perjury over its Destruction

Mr. Zajac asserts the government destroyed gunpowder evidence obtained from Mr. Zajac's

apartment and then misrepresented such information during trial. Mr. Zajac has cited evidence and testimony about this issue. If the government has evidence contrary to the evidence and trial testimony relied upon Mr. Zajac, it may present it at the hearing, and Mr. Zajac will have the opportunity to rebut that evidence. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony will speak for itself.

### N. Instance Fourteen - Model Rocket Motor Testimony, False Placement at SLC Crime Scene

Mr. Zajac asserts the government falsely stated what bomb components were present for the Salt Lake City bomb. Mr. Zajac has cited evidence and testimony about this issue. If the government has evidence contrary to the evidence and trial testimony relied upon Mr. Zajac, it may present it at the hearing, and Mr. Zajac will have the opportunity to rebut that evidence. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony will speak for itself.

### O. Instance Fifteen - Bomb Threat During Trial, Jury Terrorizing with Perjury Insertion

This issue pertains to a demonstrative bomb device discussed in the presence of the jury. The trial transcript speaks for itself. Accordingly, no additional evidence is necessary on this issue. The parties will be allowed to present oral argument on this issue at the hearing.

### P. Instance Sixteen - IED Components, IED Timer & Explosive Force Perjury

Mr. Zajac asserts the government made improper closing argument about the nature and uniqueness of the bomb device. The trial transcript speaks for itself. Accordingly, no additional evidence is necessary on this issue. The parties will be allowed to present oral argument on this issue at the hearing.

### Q. Instance Seventeen - IED Toolmark Analysis, Tool Use Misrepresentations

Mr. Zajac asserts the government misrepresented evidence about tools found in Mr. Zajac's apartment. Mr. Zajac has cited evidence and testimony on this issue. If the government has evidence contrary to the evidence and trial testimony relied upon Mr. Zajac, it may present it at the hearing, and Mr. Zajac will have the opportunity to rebut that evidence. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony will speak for itself.

### R. Instance Eighteen - Personal Computer (PC) Use, Falsification of Use

Mr. Zajac asserts the government made improper reference to use of a computer when a forensic analysis failed to connect his computers to any information about an explosive device. Mr. Zajac has cited evidence and testimony on this issue. If the government has evidence contrary to the evidence and trial testimony relied upon Mr. Zajac, it may present it at the hearing, and Mr. Zajac will have the opportunity to rebut that evidence. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony will speak for itself.

### S. Instance Nineteen - Alligator Clip Analysis Falsification of Sameness

Mr. Zajac asserts the government elicited false testimony about the alligator clips. Mr. Zajac has cited evidence and testimony on this issue. If the government has evidence contrary to the evidence and trial testimony relied upon Mr. Zajac, it may present it at the hearing, and Mr. Zajac will have the opportunity to rebut that evidence. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony will speak for itself.

### T. Instance Twenty - Automobile Use in Crimes, Debased Vindicating Evidence

Mr. Zajac asserts his automobile was searched in Omaha, Nebraska, which yielded no inculpatory evidence. The government correctly contends the referenced trial transcript refers to a possible vehicle search in Illinois, not Nebraska. The court will allow Mr. Zajac to make a record at the hearing of the alleged vehicle search in Nebraska, which the government may rebut. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony will speak for itself.

### U. Instance Twenty-One - Domestic Battery Arrest, Court Order Violation & Evidence Fabrication

Mr. Zajac asserts the government made an improper opening statement about Mr. Zajac's arrest in Illinois, contrary to a court order. Mr. Zajac has cited evidence, testimony, and an order on this issue. If the government has evidence contrary to the evidence, trial testimony, and order relied upon Mr. Zajac, it may present it at the hearing, and Mr. Zajac will have the opportunity to rebut that evidence. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence, testimony, and order will speak for itself.

### V. Instance Twenty-Two - Crime Scene & Apartment 9-volt Batteries, Perjury on Shared Markings

Mr. Zajac asserts the government falsely stated in closing argument that the batteries at the crime scenes had scratch marks on them consistent with the batteries recovered from Mr. Zajac's apartment. Mr. Zajac cites evidence and testimony on this issue. If the government has evidence contrary to the evidence and trial testimony relied upon Mr. Zajac, it may present it at the hearing, and Mr. Zajac will have the opportunity to rebut that evidence. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony

will speak for itself.

### W. Instance Twenty-Three - Crime Scene vs. Apartment 9-volt Batteries, Falsification of Apartment Battery Functionality

Mr. Zajac asserts there is a functional difference between heavy duty 9-volt batteries and alkaline 9-volt batteries. He further asserts the batteries recovered from his apartment were heavy duty 9-volt batteries, while the batteries at the crime scenes were alkaline 9-volt batteries. The government should be prepared to present evidence about the batteries that were recovered from Mr. Zajac's apartment (i.e. whether they were heavy duty *or* alkaline). If the government has other evidence contrary to the evidence and trial testimony relied upon Mr. Zajac, it may present it at the hearing, and Mr. Zajac will have the opportunity to rebut that evidence. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony will speak for itself.

### X. Instance Twenty-Four - Postage Surveillance Video, Debased Evidence

Mr. Zajac asserts the government withheld video surveillance it had of a U.S. Mail collection point, which would show that Mr. Zajac never entered the building to mail a letter on the relevant date. Mr. Zajac cites evidence that the government did have video surveillance. The government should be prepared to address whether it produced this evidence to Mr. Zajac. Additionally, the parties will be allowed to present oral argument on this issue at the hearing. Otherwise, the stated evidence and testimony will speak for itself.

### Y. Instance Twenty-Five - Jury Instruction Falsification, Count 1 Equated to Count 2

Mr. Zajac asserts the government engaged in misconduct when it improperly argued the meaning of certain jury instructions. The trial transcript speaks for itself. Accordingly, no additional

evidence is necessary on this issue. The parties will be allowed to present oral argument on this issue at the hearing.

### Z. Instance Twenty-Six - Hinsdale 404(b) Evidence Fraud, Bomb Cardboard Measurement Perjury

Mr. Zajac asserts the government improperly elicited testimony that a cardboard found at the Hinsdale crime scene matched the cardboard on a legal pad found at Mr. Zajac's apartment when in fact the cardboard is allegedly different in terms of its thickness. The cited evidence and trial transcript speak for themselves. Accordingly, no additional evidence is necessary on this issue. The parties will be allowed to present oral argument on this issue at the hearing.

## II. GROUND TWO - FAILURE TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENDANT

Mr. Zajac lists six instances where the government allegedly failed to produce relevant evidence. Each of the instances involve matters already addressed above. For example, under Ground Two, Instance Three, Mr. Zajac asserts the government "failed to provide notice to and the opportunity for Zajac's defense to attend the identification process." Mem. in Supp. of 2255 Mot., at 120 (Dkt. No. 2). That issue has been addressed above in paragraph I.F. Because the court has already addressed how it will proceed with these matters at the hearing, it will not separately address them again here.

## III. GROUND THREE - FAILURE TO PROVE EACH ELEMENT OF THE CRIMES

Next, Mr. Zajac asserts the government failed to prove each element of the charged crimes. Whether each element was proved will depend, in part, on the court's findings of fact and conclusions of law following the evidentiary hearing. Otherwise, it will depend on the trial record. Accordingly, no additional evidence is necessary on Ground Three. The parties, however, may present oral

argument at the hearing on Ground Three.

## IV.     GROUND FOUR - INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Zajac asserts eleven grounds on which his counsel provided ineffective assistance. Some of the grounds include issues discussed above, such as failing to address the missing surveillance video. Other grounds are unique to this category. Based on the disclosures made by Mr. Zajac in his motion, it appears that he has waived confidentiality of attorney/client communications and that his trial and appellate counsel may be examined at the hearing. If Mr. Zajac did not intend to waive his privilege, he will need to present argument as to why that privilege has not been waived. Otherwise, the court will hear testimony from his trial and appellate counsel to resolve the matters raised under Ground Four.

## V.     APPOINTMENT OF COUNSEL

Mr. Zajac has requested that he be permitted to proceed *pro se*. Although a prisoner does not have a right to counsel when filing a 2255 motion, once the court grants an evidentiary hearing, it is unresolved whether it must conduct a *Faretta* inquiry before Mr. Zajac may proceed without representation. *See Potts v. United States*, No. 3:11-cv-357, 2012 U.S. Dist. LEXIS 77032, at *3 n. 2 (N.D. Tex. May 10, 2012) (discussing that a court had conducted a *Faretta* inquiry). Accordingly, at this time, the court will appoint counsel for Mr. Zajac. At the start of the evidentiary hearing, however, the court will conduct a *Faretta* inquiry. If the court concludes it is appropriate for Mr. Zajac to proceed without counsel, Mr. Zajac will then be permitted to represent himself at the hearing. The court, however, will retain Mr. Zajac's counsel as stand-by counsel for the hearing.

## VI.    PROCEDURAL ISSUES AND HEARING DATE

If a party intends to rely upon evidence other than that stated in Mr. Zajac's 2255 motion, that

party shall provide notice to the opposing party **on or before March 12, 2014** about what that evidence shall be. If any such evidence has not previously been produced, the party shall provide a copy to the opposing party **on or before March 12, 2014**.

The court hereby sets the evidentiary hearing for **March 26–27, 2014, beginning at 8:30 a.m.** Appropriate arrangements shall be made for Mr. Zajac to be present at the hearing.

## VII. OTHER MOTIONS

Mr. Zajac has also filed other motions in this matter pertaining to his 2255 Motion. Previously, the court denied Mr. Zajac's motion for an evidentiary hearing. In so doing, the court stated it would reconsider its denial once it had the opportunity to review fully Mr. Zajac's motion. Order, at 2 (Dkt. No. 34). Now that it has reviewed that motion, the court finds sufficient grounds have been alleged to entitle Mr. Zajac to an evidentiary hearing. The court therefore grants Mr. Zajac's motion to reconsider the denial of an evidentiary hearing.

Mr. Zajac also has moved for the court to "articulate a decision on each allegation listed within the 2255 motion." Mot. in Request for Adjudication, at 1 (Dkt. No. 37). Following the evidentiary hearing, the court will make findings of fact and conclusions of law in accordance with 28 U.S.C. § 2255(b). The court therefore terminates this motion as moot.

In a previous order, the court stated if necessary it would request further information when deciding Mr. Zajac's 2255 motion. Mr. Zajac has moved for production of any information that has been requested. The court notes that it has not requested any additional information. Therefore, there is no additional information to produce. Accordingly, it terminates Mr. Zajac's motion as moot.

On October 4, 2013, Mr. Zajac moved the court for an expansion of the record. He stated in the motion that he intended to produce certain evidence at the evidentiary hearing, but since that

12

hearing had previously been denied, he requested that the court accept the additional information in considering his motion. Because the court has now granted Mr. Zajac's request for an evidentiary hearing, Mr. Zajac will have the opportunity to present evidence in support of the grounds asserted in his 2255 motion. The court therefore terminates the motion as moot.

Finally, on December 20, 2013, Mr. Zajac moved the court to provide a written status pertaining to his 2255 motion. In light of this ruling, the court terminates that motion as moot.

## **CONCLUSION**

For the reasons stated above, the court GRANTS Mr. Zajac's motion for an evidentiary hearing,[2] and hereby sets a hearing date for **March 26–27, 2014 at 8:30 a.m.** The court TERMINATES AS MOOT Mr. Zajac's motion for adjudication of each allegation;[3] motion for production of additional information;[4] motion to extend the case record;[5] and motion for a status report.[6]

DATED this 16th day of January, 2014.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[2] Dkt. No. 36.

[3] Dkt. No. 37.

[4] Dkt. No. 38.

[5] Dkt. No. 40.

[6] Dkt. No. 41.